ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| EDWARD HEYWARD, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. **CV402-159** |
| ) | (from State Court of Chatham County |
| v. ) | Civil Action No. I022152F) |
| ) | |
| NATIONAL RAILROAD PASSENGER ) | |
| CORPORATION, D/B/A AMTRAK, ) | |
| ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

**TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA**

**COMES NOW,** Defendant National Railroad Passenger Corporation, d/b/a Amtrak and files its Notice of Removal and respectfully shows the Court the following:

1. The case of <u>Edward Heyward v. National Railroad Passenger Corporation d/b/a Amtrak</u> was filed in the State Court of Chatham County, State of Georgia on June 13, 2002, which case is designated under Civil Action No. I022152F (the "State Court Action"). On June 14, 2002, Amtrak received a copy of the Summons and Complaint together with a State Court Rule 3.2 Certificate, a State Court Rule 5.2 Certificate, Interrogatories and Request to Produce. A true and correct copy of the Summons and Complaint together with all referred to discovery and Certificates, which comprise all of the process, pleadings and Orders in the State Court Action, are attached hereto collectively as Exhibit "A".

2. The time for filing this Notice of Removal under the laws of the United States has not expired.

3. Plaintiff Edward Heyward was, upon information and belief, at the time of the filing of the State Court Action and is now, a resident citizen of Savannah, Chatham County, Georgia. Amtrak is incorporated under the laws of Washington, D.C. and has its principle place of business in Washington, D.C., both at the time of the filing of the State Court Action and as of the time of the filing of this Notice of Removal. Complete diversity of citizenship exists as between the Plaintiff and the Defendant presently and existed at the time of the institution of the State Court Action.

4. The amount of controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs. While the Complaint, contrary to O.C.G.A. § 9-11-8, does not state a specific dollar demand other than seeking a sum in excess of Ten Thousand Dollars ($10,000), the Complaint and prayer for relief on its face apparently and obviously does intend to demand a sum greater than $75,000 exclusive of interest and costs.

5. Amtrak was created by an Act of Congress, 45 U.S.C. § 501, et seq., and is a Corporation of the United States, chartered under the laws of the District of Columbia, and has its principle place of business in the District of Columbia.

6. Because Amtrak is owned by the United States Government, this Court has Federal question jurisdiction over this dispute pursuant to 28 U.S.C. § 1331.

7. The claims in the Complaint are claims over which this Court has jurisdiction under 28 U.S.C. §§1331 and 1332. Accordingly this action is properly removable and removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.

8. Written notice of the filing of this Notice of Removal is being given to all adverse parties as required by law.

9. True and copies of this Notice of Removal and the Notice to Attorneys of Removal are being contemporaneously filed with the Clerk of the State Court of Chatham County, Georgia as required by 28 U.S.C. § 1446(d).

**WHEREFORE,** Defendant National Railroad Passenger Corporation d/b/a Amtrak gives notice that the above described State Court Action has been removed to this Court.

This ___ day of July, 2002.

HUNTER, MACLEAN, EXLEY & DUNN, P.C.

By: _____
Saunders Aldridge
Georgia State Bar No. 008350

W. Richard Dekle
Georgia State Bar No. 216745
Attorneys for Defendant

200 East Saint Julian Street
P.O. Box 9848
Savannah, Georgia 31412-0048
(912) 236-0261

{420771-1} 4928-11

3

# In The State Court of Chatham County, Georgia

133 MONTGOMERY STREET, SUITE 308, SAVANNAH, GEORGIA 31401    HTTP://WWW.CHATHAMCOURTS.ORG
TELEPHONE: (912) 652-7224 • FACSIMILE : (912) 652-7229    STCOURT3@BELLSOUTH.NET

(19)

EDWARD HEYWARD

**Plaintiff**

Vs

NATIONAL RAILROAD PASSENGER CORPORATION

D/B/A AMTRAK

**Defendant**

Case Number: STO2-2152F

## SUMMONS

TO THE ABOVE NAMED DEFENDANT: National Railroad Passenger Corporation, d/b/a Amtrak

Defendant's Address: Registered Agent, 60 Massachusetts Avenue, NE, Washington, DC 20002

You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is.

Harvey Weitz, Esq.
P.O. Box 10105
Savannah, Georgia 31412-0305

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint.

This 13th day of June, 2002

_Deputy Clerk, State Court of Chatham County Georgia_

Carlton W. Blair, Jr.
*CLERK OF COURT*
*State Court of Chatham County*

RECEIVED

Amtrak Passenger Claims Unit
CLEAR

Not valid until signed by a Deputy Court Clerk, above

*summons*

IN THE STATE COURT OF CHATHAM COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| EDWARD HEYWARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| NATIONAL RAILROAD PASSENGER | § | |
| CORPORATION, D/B/A AMTRAK, | § | |
| | § | |
| Defendant. | § | |

## **COMPLAINT**

COMES NOW **EDWARD HEYWARD**, Plaintiff in the above-styled case and states his Complaint as follows:

1.  Defendant National Railroad Passenger Corporation, d/b/a Amtrak, is incorporated under the laws of Washington, D.C. and has its principal place of business in Washington, D.C. Defendant may be served with Summons and a copy of this Complaint by serving its corporate secretary, Alicia Serfaty at 60 Massachusetts Avenue, NE, Washington, D.C. 20002.

2.  Defendant Amtrak conducts regular and systematic business in Chatham County, Georgia, makes use of and benefits from passenger and freight depots in Chatham County, Georgia, collects revenues from paying passengers and customers in Chatham County, Georgia, and is subject to the jurisdiction of this court.

3. On June 24, 2000, Edward Heyward, after buying and paying for a ticket, and as a fare-paying passenger, boarded the Amtrak train in Newark, New Jersey in order to travel thereon to Charleston, South Carolina.

4. The Amtrak train carrying Mr. Heyward traveled to King's Tree, South Carolina, where it stopped at the depot located there.

5. Mr. Heyward used the occasion of the stop in King's Tree to use the restroom facility located within the train car which he occupied as a fare-paying passenger.

6. As Mr. Heyward was leaving the restroom, the train moved suddenly and violently and with great force, moving backwards and colliding with what Mr. Heyward was told and believed was another train car.

7. At the moment of the collision of the train with the then unattached train car, Edward Heyward was thrown violently against the door frame of the restroom located within the train car and thrown about the restroom, its door frame and the area immediately outside of the restroom and within the train car.

8. The Defendant was negligent in that it permitted an unqualified employee to operate the train and in that its agent and employee, for whose acts, Defendant is vicariously liable by virtue of the *Doctrine of Respondeat Superior*, operated the train at an excessive speed, failed to back the train gradually, operated the train in an unreasonable and imprudent manner and in such a manner as to cause a collision between the train and the then unattached train car being connected to the train. The negligent acts of the Defendant are the proximate cause of Plaintiff's injuries.

9. As a result of Defendant's negligence, Plaintiff suffered severe and disabling injuries, including, but not limited to, a large tear of the right rotator cuff of his right shoulder with a large subacromial spur.

10. Plaintiff's injury required surgical repair.

11. As a direct and proximate result of the injuries which were caused by the Defendant's negligence, Plaintiff has endured, is presently enduring, and will continue in the future to endure, physical and mental pain, suffering, discomfort, anguish, anxiety, shock, and fright.

12. As a direct result of Plaintiff's injuries proximately caused by the Defendant's negligence, he suffers a permanent disability and limited range of motion in his right shoulder.

13. As a direct result of the negligence of the Defendant and the injuries caused by that negligence, Plaintiff has become partially disabled from work at her usual occupation for a lengthy period and continues to suffer partial disability to labor at her usual occupation and work.

14. Plaintiff further shows that as a direct and proximate result of the aforesaid injuries, he has incurred numerous medical expenses and will continue to incur medical expenses in the future.

15. Plaintiff further shows that as a direct and proximate result of the aforesaid injuries, he has suffered lost wages and will continue to suffer lost wages in the future.

16. Plaintiff further shows that as a direct and proximate result of the aforesaid injuries, he has suffered and will continue to suffer a diminished capacity to labor.

17. Plaintiff further shows that as a direct and proximate result of the aforesaid injuries, he has suffered and will continue to suffer a diminished quality of life.

**WHEREFORE**, Plaintiff prays **FOR A TRIAL BY JURY**, that summons issue, that judgment be entered in favor of him and against the Defendant and that the following relief be granted:

 A. For general damages in excess of Ten Thousand Dollars ($10,000.00);

 B. For special damages in excess of Ten Thousand Dollars ($10,000.00); and

 C. For any further relief this Court deems just and proper.

This 13th day of June, 2002.

_____
HARVEY WEITZ
GEORGIA STATE BAR NO. 746600
ATTORNEY FOR PLAINTIFF

Weiner, Shearouse, Weitz,
 Greenberg & Shawe, LLP
P.O. Box 10105
Savannah, GA 31412-0305
(912) 233-2251
Fax: (912) 235-5464

## CERTIFICATION UNDER RULE 3.2

    PURSUANT TO RULES 3.2 AND 3.4 OF THE UNIFORM SUPERIOR COURT RULES AND LOCAL RULE # OF THE EASTERN JUDICIAL CIRCUIT OF GEORGIA, I HEREBY CERIFY THAT NO CASE HAS HERETOFORE BEEN FILED IN THE SUPERIOR COURT OF THE EASTERN JUDICIAL CIRCUIT INVOLVING SUBSTANTIALLY THE SAME PARTIES OR SUBSTANTIALLY THE SAME SUBJECT MATTER OR SUBSTANTIALLY THE SAME FACTUAL ISSUES WHICH WOULD REQUIRE THE PETITION-PLEADING TO BE SPECIFICALLY ASSIGNED TO THE JUDGE WHOM THE ORIGINAL ACTION WAS OR IS ASSIGNED.

THIS __13__ DAY OF __June__, 20__02__.

_____
ATTORNEY OF PARTY

**OR**

    PURSUANT TO RULES 3.2 AND 3.4 OF THE UNIFORM SUPERIOR COURT RULES AND LOCAL RULE #_____ OF THE EASTERN JUDICIAL CIRCUIT OF GEORGIA, I HEREBY CERIFY THAT THIS PETITION-PLEADING INVOLVES SUBSTANTIALLY THE SAME PARTIES OR SUBSTANTIALLY THE SAME SUBJECT MATTER OR SUBSTANTIALLY THE SAME FACTUAL ISSUES AS IN CASE #_____

_____ vs _____
PLAINTIFF                                           DEFENDANT

FILED IN THE EASTERN JUDICIAL CIRCUIT OF GEORGIA WHICH UNDER RULE 3.2 OF THE SUPERIOR COURT RULES REQUIRE THE PETITION-PLEADING BE SPECIFICALLY ASSIGNED TO THE JUDGE WHOM THE ORIGINAL ACTION WAS OR IS ASSIGNED.

_____
ATTORNEY OF PARTY

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| EDWARD HEYWARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| NATIONAL RAILROAD PASSENGER | § | |
| CORPORATION, D/B/A AMTRAK, | § | |
| | § | |
| Defendant. | § | |

### CERTIFICATE OF FILING DISCOVERY MATTER PURSUANT TO RULE 5.2 OF THE UNIFORM SUPERIOR COURT RULES

This is to certify that I have this date served all parties of record in the foregoing matter with a copy of the discovery enclosed **PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT and PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT** as follows:

_____  by hand delivery; or

_____  by facsimile transmission; or

__X__  by placing a copy of the same in the United States mail, Registered Mail/Return Receipt Requested, with adequate postage thereon addressed as follows:

> Ms. Alicia Serfaty, Secretary
> Registered Agent for National Railroad Passenger Corporation
> d/b/a Amtrak
> 60 Massachusetts Avenue, NE
> Washington, D.C. 20002

Dated this 13th day of June, 2002

HARVEY WEITZ
GEORGIA STATE BAR NO. 746600
Attorney for Defendant

Weiner, Shearouse, Weitz,
 Greenberg & Shawe
Post Office Box 10105
Savannah, Georgia 31412-0305
(912) 233-2251
Fax  (912) 235-5464

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF GEORGIA, SAVANNAH DIVISION

| | |
|---|---|
| EDWARD HEYWARD, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. _____ |
| ) | (from State Court of Chatham County |
| v. ) | Civil Action No. I022152F) |
| ) | |
| NATIONAL RAILROAD PASSENGER ) | |
| CORPORATION, D/B/A AMTRAK, ) | |
| ) | |
| Defendant. ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing **Notice of Removal** upon all parties to this matter by depositing a true copy of same in the U. S. Mail, proper postage prepaid, addressed to counsel of record as follows:

> Harvey Weitz, Esquire
> Weiner, Shearouse , Weitz, Greenberg & Shawe, LLP
> P.O. Box 10105
> Savannah, Georgia 31412-0305

This /12/ day of July, 2002.

By: _____
W. Richard Dekle
State Bar No. 216745
Attorney for Defendant

200 East Saint Julian Street|
Post Office Box 9848
Savannah, Georgia  31401
(912) 236-0261

{420771-1} 4928-11                              4